TARLACH MacNIALLIAS, Respondent, v KEVIN POTTER, Appellant. [917 NYS2d 895]—

The plaintiff Tarlach MacNiallias and the defendant Kevin Potter were domestic partners. They purchased a house in Corona, Queens, as tenants in common, on March 31, 1997. Their relationship subsequently deteriorated, and MacNiallias moved out of the house in July 2002. MacNiallias thereafter commenced the instant action to sell the property and divide the proceeds between himself and Potter. A referee was appointed to determine the parties' respective interests in the property.

MacNiallias submitted an affidavit, loan statements, copies of checks, the original mortgage agreement, refinanced mortgage agreements, and statements from his checking account, in order to demonstrate his interest in the property. Potter testified in opposition that he had some repairs done to the house, including fixing a leak in the ceiling, and replacing a bathtub. The referee found that MacNiallias established that he was entitled to receive the sum of $57,451.85, representing his contributions to the value of the house. MacNiallias moved to confirm the referee's report, and Potter opposed the motion. In an order and judgment (one paper) dated October 1, 2009, the Supreme Court, Queens County, granted MacNiallias's motion to confirm the referee's report, directed that the house be sold at auction, and directed that, after the satisfaction of all outstanding mortgages, MacNiallias be awarded the sum of $57,451.85, with the remainder of the proceeds to be divided equally between him and Potter.

The report and recommendations of a referee should be confirmed if its findings are supported by the record (*see Sichel v Polak*, 36 AD3d 416 [2007]; *Baker v Kohler*, 28 AD3d 375 [2006]). Here, the Supreme Court properly concluded that the referee's report was supported by the record.

The defendant's remaining contentions are without merit. Mastro, J.P., Dillon, Eng and Sgroi, JJ., concur.